UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MELINGONIS,<br><br>                          Plaintiff,<br><br>v.<br><br>ONE WAY FUNDING, LLC and JOSEPH REINHARDT,<br><br>                          Defendants. | Case No.: 17-cv-0465-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Application for Default Judgment and Award of Costs by the Clerk (ECF No. 15) filed by Plaintiff Christopher Melingonis.

**I.    Background**

    On March 7, 2017, Plaintiff Christopher Melingonis initiated this action by filing the Complaint (ECF No. 1) against Defendants One Way Funding, LLC ("One Way") and Joseph Reinhardt. On June 28, 2017, Melingonis filed the First Amended Complaint (the "FAC") (ECF No. 5). The FAC is the operative complaint in this matter. In the FAC, Melingonis brings claims as an individual and on behalf of all others similarly situated for both negligent and knowing and/or willful violations of the Telephone Consumer Protection Act (the "TCPA"). *Id.* On February 6, 2018, Melingonis filed a Motion to Dismiss Putative Class Claims Without Prejudice (ECF No. 14). On February 8, 2018, the Court issued an Order granting Melingonis's motion to dismiss his putative class claims. (ECF No. 16).

On January 16, 2018, Melingonis filed a Request for Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a) Against Defendant Joseph Reinhardt (ECF No. 8). On January 17, 2018, the Clerk of Court entered default as to Reinhardt. (ECF No. 11). On February 1, 2018, Melingonis filed a Request for Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a) Against Defendant One Way Funding, LLC aka Fast Funding (ECF No. 12). On February 2, 2018, the Clerk of Court entered default as to One Way. (ECF No. 13). On February 6, 2018, Melingonis filed the Application for Default Judgment and Award of Costs by the Clerk (ECF No. 15). Neither One Way nor Reinhardt has filed a response to the Application for Default Judgment.

## II.    Allegations of the FAC

"One Way . . . is, and at all times mentioned herein was, a Limited Liability Company registered in the state of New York and headquartered in Hicksville, New York." (ECF No. 5 at ¶ 9). "Reinhardt is, and at all times mentioned herein was, . . . the owner/President of One Way . . . ." *Id.* at ¶ 10. "Reinhardt is the alter ego of One Way." *Id.* at ¶ 11.

On February 21, 2017, Melingonis received a call on his cellular telephone from Defendants. *Id.* at ¶ 18.

> During the call from Defendants to Mr. Melingonis's cellular telephone, an artificial or prerecorded voice identified itself as "John, from Fast Funding[,]" and directed Mr. Melingonis to press 1 to be connected with a representative. Plaintiff pressed 1 as instructed. After pressing 1, Plaintiff was transferred to a man who identified himself as "Charlie." Charlie proceeded to ask [P]laintiff pre-qualification questions . . . and stated that Plaintiff qualified for a $50,000 loan. Charlie then said that he would email Plaintiff all necessary information for the loan. Plaintiff provided his email address and the next day he received an email from "Charlie Sheridan, Account Manager." The subject of the email was, "One Way Funding-Follow up" and Charlie's email address was "charlie@onewayfunding.com."

*Id.* at ¶¶ 19–21.

"Plaintiff also received calls on his cellular telephone from Defendants[] in which Defendants utilized an automatic telephone dialing system (ATDS)" on February 22, 2017

(two calls); February 23, 2017; February 24, 2017; February 27, 2017; February 28, 2017; March 1, 2017; and March 2, 2017. *Id.* at ¶ 23.

> Between March 3, 2017 and March 20, 2017, Plaintiff received another sixteen (16) calls from Defendants. Plaintiff did not answer any of these additional sixteen calls. The sixteen calls between March 3, 2017 and March 20, 2017 were all exactly the same, in that each time there was a voicemail from Charlie. Each voicemail was exactly the same, word for word. Each voicemail lasted 30 seconds and contained the same two or three seconds of background noise before the message began to play. All 16 messages . . . were pre-recorded messages delivered to Plaintiff's telephone through the use of an ATDS.

*Id.* at ¶¶ 24–26.

"Plaintiff received twenty-five calls in total from Defendants." *Id.* at ¶ 27.

"The telephone number Defendants called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls . . . ." *Id.* at ¶ 30. "Plaintiff at no time provided 'prior express consent' for Defendants to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS . . . ." *Id.* at ¶ 27.

### III. Discussion

Melingonis contends that he is entitled to a default judgment of $12,500 against One Way and Reinhardt. (ECF No. 15 at 4).[1]

#### A. Default Judgment

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). "The general rule of law is that upon default the factual

---

[1] Melingonis also seeks $1,000 in costs. (ECF No. 15 at 4). In order to obtain an award for costs, Melingonis must follow the procedure laid out in Local Rule 54.1. *See* CivLR 54.1.

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). The Court of Appeals has instructed courts to consider the following factors when determining whether a default judgment should be granted:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Melingonis has demonstrated that One Way and Reinhardt were served with the FAC. *See* ECF Nos. 7, 10. The docket reflects that neither One Way nor Reinhardt have filed a responsive pleading. The Clerk of the Court has entered default against One Way and Reinhardt. (ECF Nos. 11, 13).

The factual allegations of the FAC are sufficient to sustain Melingonis's claim that One Way committed twenty-five violations of the TCPA. The TCPA makes it

> unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b)(1)(A)(3). Melingonis has alleged sufficient facts to establish that One Way used an automatic telephone dialing system to make twenty-five non-emergency calls to Melingonis's cellular phone, that Melingonis is charged for calls to his cellular telephone number, and that the calls were not made to collect a debt. *See* ECF No. 5 at ¶¶ 16–21, 23–26, 30–31. Melingonis's allegations, taken as true, establish that each of the twenty-five calls violated 47 U.S.C. § 227(b)(1)(A)(3).

However, the factual allegations of the FAC are not sufficient to sustain Melingonis's claim that Reinhardt violated the TCPA. The Court is not required to accept

Melingonis's allegation that "Reinhardt is the alter ego of One Way," (ECF No. 5 at ¶ 11), because it is not a factual allegation. *See TeleVideo*, 826 F.2d at 917–18 ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). The Court also is not required to accept Melingonis's allegations that he received twenty-five calls "from Defendants," i.e. that both One Way and Reinhardt made all twenty-five calls. Courts are not required to accept general allegations that are contradicted by more specific factual allegations. *See Metalmark Nw., LLC v. Stewart*, No. 04-682-KI, 2004 WL 1970146, at *3 (D. Or. Sept. 2, 2004) (declining to accept as true, when ruling on a motion to dismiss, the plaintiff's allegation "that Janelle Stewart acted outside the course and scope of her employment" because the plaintiff also made "more specific allegations which contradict th[at] general statement."). Melingonis's allegations that he received twenty-five calls "from Defendants," (i.e. One Way and Reinhardt) is contradicted by his allegations discussing the specifics of those calls, which do not reference Reinhardt. *See* ECF No. 5 at ¶¶ 17–21, 23–26.

In this case, the possibility of prejudice to Melingonis is high if the Court does not enter default judgment against One Way. If Melingonis is not granted default judgment against One Way, he may be without any recourse for recovery. The record reflects that One Way was served with the FAC (ECF No. 5) and the Request for Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a) Against Defendant One Way Funding, LLC aka Fast Funding (ECF No. 12). *See* ECF Nos. 10, 12-2. The possibility that One Way's default was due to excusable neglect is low. Although there is a "strong policy . . . favoring decision on the merits," *Eitel*, 782 F.2d at 1472, "the mere existence of R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003) (internal quotation marks omitted). The Court has considered the factors articulated in *Eitel* and the Court concludes that Melingonis is entitled to default judgment against One Way for twenty-five violations of the TCPA pursuant to Rule 55(b)(2).

**B.    Damages**

Melingonis seeks statutory damages.  (ECF No. 15 at 4).  Pursuant to Federal Rule of Civil Procedure 54, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

> Plaintiff is required to prove all damages sought in the complaint.  In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint].  In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . .

*Phillip Morris*, 219 F.R.D. at 498 (citations omitted).  Allegations in the complaint as to the amount of damages are not entitled to an assumption of truth.  *See TeleVideo*, 826 F.2d at 917–18.

Section 227(b)(3)(B) provides for statutory damages of $500 per violation of § 227(b).  47 U.S.C. § 227(b)(3)(B).  Melingonis is entitled to a default judgment that One Way committed twenty-five violations of 47 U.S.C. § 227(b).  Accordingly, the Court awards Melingonis $12,500 in statutory damages.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Application for Default Judgment and Award of Costs by the Clerk (ECF No. 15) is GRANTED IN PART AND DENIED IN PART. Melingonis is entitled to a default judgment against One Way and an award of $12,500.00 in statutory damages.  Melingonis is not entitled to an award of statutory damages against Reinhardt.  In order to obtain an award for costs, Melingonis must follow the procedure laid out in United States District Court Southern District of California Local Rule 54.1. *See* CivLR 54.1.  The Court ORDERS Melingonis to file a proposed judgment in accordance with this Order on or before March 16, 2018.

Dated: March 1, 2018

Hon. William Q. Hayes
United States District Court